IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

LUTHER C. BASHAM,

       Plaintiff,

v.                            Case No. 5:06-cv-00604

CORRECTIONAL MEDICAL SERVICES, INC.,
RICHARD MILES, MARY WESTFALL, MARK FORDYCE,
DR. DONALD HOLMES, DR. LOUIS ALMOSE,
DR. DOREEN PLANCK, STEVE MYERS,
STATE OF WEST VIRGINIA, JOE MANCHIN,
WEST VIRGINIA DIVISION OF CORRECTIONS,
JIM RUBENSTEIN, THOMAS L. MCBRIDE, and
TIM WHITTINGTON,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 1, 2006, Plaintiff, Luther C. Basham, who is incarcerated at the Mount Olive Correctional Complex, in Mount Olive West Virginia, filed a Complaint against the above-named defendants, alleging that he received improper medical treatment, resulting in the amputation of his left leg below the knee. Plaintiff alleges both negligence and deliberate indifference to his serious medical needs, on the part of the various defendants. On August 8, 2006, Plaintiff filed an Amended Complaint (# 5), which added several additional allegations to his initial Complaint. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of

proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant who is immune from such liability.

A Complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002)(section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted).  However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe

2

liberally such complaints.  This screening is generally done prior to consideration of the Application to Proceed Without Prepayment of Fees.

### ANALYSIS

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard.  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" <u>Id.</u>, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." <u>Id.</u>, at 834. (Citations omitted.)  The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found
> liable under the Eighth Amendment for denying an inmate
> humane conditions of confinement unless the official
> knows of and disregards an excessive risk to inmate
> health or safety; the official must both be aware of
> facts from which the inference could be drawn that a

3

substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

The doctrine of respondeat superior is generally inapplicable to lawsuits under 42 U.S.C. § 1983. Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). To establish a claim for respondeat superior liability under section 1983, Plaintiff must demonstrate (1) actual or constructive knowledge of a risk of constitutional injury; (2) deliberate indifference to that risk; and (3) an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury Plaintiff suffered. Cater v. Morris, 164 F.3d 215, 221 (4th Cir. 1999)(quoting Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994)).

Prior to the Supreme Court's ruling in Farmer, the Fourth Circuit established "the principle that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). A named supervisor may be liable for acts of subordinates if the official was aware of a pervasive, unreasonable risk of harm from a specified source and failed to take corrective action as a result of his deliberate indifference or tacit authorization of the offensive practice. Id. at 373.

Liability may attach where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to

4

their care." <u>Id.</u> at 372.   The relevant inquiry is whether the defendants acted "wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." <u>Moore v. Winebrenner</u>, 927 F.2d 1312, 1315 (4th Cir. 1991).   However, the Fourth Circuit has held that supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel.   <u>See Miltier</u>, 896 F.2d at 854.   Thus, prison officials fulfill their duty simply by taking reasonable measures to ensure that an inmate sees a health care provider.   Even if the health care provider acts negligently, there is no violation of the Eighth Amendment.

Although he has sued them in their individual capacities, Plaintiff has failed to allege any specific conduct by Governor Joseph Manchin, Commissioner Jim Rubenstein, Warden Thomas McBride, or Associate Warden Tim Whittington, which would rise to the level of deliberate indifference to a serious medical need.   A mere allegation that these individuals have oversight of the medical operations at the State's correctional facilities is not enough to meet the standard for liability.   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Amended Complaint fails to state a claim against defendants Manchin, Rubenstein, McBride, and Whittington.

The undersigned further proposes that the presiding District Judge **FIND** that the Amended Complaint fails to state a claim against the State of West Virginia and its Division of Corrections,

at least as far as Plaintiff's claims for money damages is
concerned.  A suit against a state or a state agency for money
damages is barred by the Eleventh Amendment.  A state agency is not
a "person" within the meaning of section 1983, and can only be sued
for injunctive relief.  <u>Will v. Michigan Dep't of State Police</u>, 491
U.S. 58 (1989).  Thus, the claims for money damages against these
Defendants are barred by the Eleventh Amendment.

For these reasons, it is respectfully **RECOMMENDED** that,
pursuant to 28 U.S.C. § 1915A(b)(1), the presiding District Judge
**DISMISS** defendants Manchin, Rubenstein, McBride, and Whittington as
defendants in this civil action because the Amended Complaint fails
to state a claim upon which relief may be granted as to those
defendants.  It is further respectfully **RECOMMENDED** that, pursuant
to 28 U.S.C. § 1915A(b)(2), the presiding District Judge **DISMISS**
Plaintiff's claims for money damages against the State of West
Virginia and its Division of Corrections, because those entities
are immune from such relief.

By separate Order, the undersigned will address Plaintiff's
Application to Proceed Without Prepayment of Fees (# 2) and order
service of process on the remaining defendants.

Plaintiff is notified that this "Proposed Findings and
Recommendation" is hereby **FILED**, and a copy will be submitted to the
Honorable Thomas E. Johnston, United States District Judge.
Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

August 10, 2006
Date

Mary E. Stanley
United States Magistrate Judge

7