# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LUTHER C. BASHAM,

        Plaintiff,

v.   CIVIL ACTION NO. 5:06-cv-00604

CORRECTIONAL MEDICAL SERVICES,
INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court are the Proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, dated May 8, 2007 [Docket 77], and the objections of Plaintiff [Docket 84 and Docket 87] and Defendants [Docket 83]. For the reasons stated below, the Court overrules Plaintiff's objections, and adopts the magistrate judge's recommendation with regard to the dismissal of the State of West Virginia and the Division of Corrections, and the recommendation to grant the motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims against Correctional Medical Services, Inc. (CMS) and defendant Miles pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, the Court overrules Defendants' objections, and adopts the magistrate judge's recommendation to deny the motions for summary judgment of defendants Westfall, Holmes, Almose, Planck, and Myers.

## *I. BACKGROUND*

This case arises out of an amended complaint filed by Plaintiff, an inmate at Mount Olive Correctional Complex (MOCC) in Mount Olive, West Virginia. Plaintiff alleges that he received improper medical treatment resulting in the amputation of his lower left leg. As noted in the PF&R, "Plaintiff's Amended Complaint essentially contains two claims: that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, in that the defendants were deliberately indifferent to his serious medical needs, resulting in the amputation of his left leg; and that the defendants were negligent and committed medical malpractice." (Docket 77 at 8-9.)[1]

By Standing Order entered on August 1, 2006, and filed in this case on August 4, 2006, this action was referred to Magistrate Judge Stanley for submission of proposed findings and a recommendation (PF&R). On August 10, 2006, the magistrate judge filed her first PF&R [Docket 6], which was adopted by the Court on May 18, 2007 [Docket 82]. In that order, this Court dismissed defendants Manchin, Rubenstein, McBride, Whittington, and Plaintiff's claim for damages against the State of West Virginia and the Division of Corrections.

Magistrate Judge Stanley filed a second PF&R on May 8, 2007 [Docket 77]. In that filing, the magistrate judge recommended that this Court: (1) grant the motion to dismiss filed by the State of West Virginia and the West Virginia Division of Corrections; (2) find that there is a genuine issue of material fact concerning Plaintiff's ability to exhaust level III of the grievance procedure concerning his medical treatment and deny the motions for summary judgment filed by defendants Westfall, Almose, Plank, Holmes, and Myers, and deny the motion to dismiss filed by defendants

---

[1] The parties have not yet addressed Plaintiff's negligence and medical malpractice claims.

CMS and Miles, in so far as it concerns Plaintiff's exhaustion of administrative remedies; and (3) grant the motion to dismiss filed by defendants CMS and Miles on the basis that the amended complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and the Eighth Amendment.

Defendants CMS, Myers, Miles, Westfall, Holmes, Almose, and Planck filed their objections on May 21, 2007 [Docket 83], and Plaintiff filed his objections on May 25, 2007 [Docket 84] and May 31, 2007 [Docket 87].

## *II. STANDARD OF REVIEW*

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

When addressing Defendants' motions to dismiss for failure to state a claim upon which relief may be granted, the Court must consider the fact that Plaintiff is acting *pro se*, and accord his pleadings liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). Under this liberal standard, a complaint should only be dismissed if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

plaintiff can prove no set of facts in support of his claim entitling him to relief." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

Summary judgment, on the other hand, is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there exist factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986); *see also Pulliam Inv. Co., Inc. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322-23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir. 1990). The nonmoving party must satisfy his burden of proof by offering more than a mere "scintilla of evidence" in support of his position. *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

*A. Dismissal of the State of West Virginia and the Division of Corrections*

The magistrate judge recommended dismissal of all claims against the State of West Virginia and the Division of Corrections. Plaintiff argues in his objections that his claims are not barred by *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff cites *Kitchen v. Upshaw*, 286 F.3d

179 (4th Cir. 2002) and *Hafer v. Melo*, 502 U.S. 21, 31 (1991), in support of his argument.[2] However, Supreme Court case law clearly prohibits Plaintiff's suit against the State of West Virginia, and he fails to cite any law to the contrary.  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," and therefore those parties are immune from suit under the Eleventh Amendment.[3]  *Will*, 491 U.S. at 71.  Similarly, "[u]nder the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought, absent consent or permissible congressional abrogation.'" *Ballenger v. Owens*, 352 F.3d 842, 844 (4th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, (1985)); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This jurisdictional bar [the Eleventh Amendment] applies regardless of the nature of the relief sought.").  Accordingly, any objection to the magistrate judge's recommendation to dismiss the State of West Virginia is without merit and is **OVERRULED**.

With respect to the West Virginia Division of Corrections, the Fourth Circuit in *Kitchen* held that the Riverside Regional Jail Authority in Virginia was not entitled to eleventh amendment immunity from a prisoner's 42 U.S.C. § 1983 claim because it did not act on behalf of the state, because the state was not obliged to pay any judgment rendered against the authority, because state law did not treat it as an arm of the state, and because the authority maintained liability for the costs

---

[2] The Court notes that *Hafer* is inapplicable to Plaintiff's objection.  In *Hafer*, the Court held that state officials, sued in their individual capacities, were "persons" within the meaning of § 1983 and that the Eleventh Amendment did not bar such suits.  It bears no relation to the dismissal of the State of West Virginia and the Division of Corrections.

[3] However, "suits for injunctive relief against state officers, rather than against the state itself, are permitted, provided the relief sought is prospective." *Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001) (citing *Edelman v. Jordan*, 415 U.S. 651, 676-77 (1974)).  In this case, Plaintiff did not sue any state officers in their official capacity.  (*See* Docket 5 at 1.)

and expenses of its facilities. However, *Kitchen* is distinguishable from this case because the West Virginia Division of Corrections was not established under the same statutory scheme as the Riverside Regional Jail Authority. Rather, in West Virginia, the Division of Corrections is an arm of the state and is therefore immune from suit under the Eleventh Amendment. *See* W. Va. Code §§ 25-1-1 to 22; *see also McCormick v. W. Va. Dep't of Pub. Safety*, 503 S.E.2d 502, 504 (W. Va. 1998) (noting that the Division of Corrections is a state agency). Because the Eleventh Amendment confers sovereign immunity on an arm of the state, *Kitchen*, 286 F.3d at 184 (citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)), Plaintiff's objection to the recommendation to the dismiss the Division of Corrections is likewise **OVERRULED**.

   *B.   Exhaustion of Administrative Remedies*

Defendants object to the recommendation that their motions for summary judgment and motions to dismiss be denied on the grounds that there is a genuine issue of material fact concerning Plaintiff's ability to exhaust level III of the grievance procedure. In support of their argument, Defendants rely on a memorandum response from Beverly Gandee, the grievance coordinator at MOCC, which states that "WVDOC records indicate that [Plaintiff] was present/housed at [MOCC], between medical treatments, during the time period of May 20, 2005 and June 16, 2005. Considering this timeframe [sic], you had ample opportunity to comply with WVDOC Policy Directive 335.00 and submit a timely appeal to the Commissioner." (*See* Docket 83 at 1 (citing Docket 41 at 2).)[4]

According to the record, Plaintiff's level I grievance was filed on May 9, 2005, and the Division of Correction's response was dated May 12, 2005 (Docket 44-3 at 2-7). The level II

---

[4] Defendants do not provide the "WVDOC records" as an exhibit to their motion.

grievance was signed on May 23, 2005, and the response was dated June 1, 2005 (*Id*. at 12.) Plaintiff's level III appeal, dated July 15, 2005, was not stamped received until July 27, 2005, and the response by the Division of Corrections, dated August 8, 2005, indicates that Plaintiff received the response to the level II grievance on June 3, which according to the inmate grievance procedure means that his level III appeal should have been filed by June 10, or within five business days. (*See* Docket 41-2 at 3-5.) Because it was not, Defendants argue that Plaintiff failed to exhaust his administrative remedies. In response to this assertion, Plaintiff submitted an affidavit and argues that he was unable to file his appeal from June 3, 2005 until "almost three weeks" after June 23, 2005, because Plaintiff was admitted to either the MOCC Infirmary, Montgomery General Hospital, or Charleston Area Medical Center (CAMC) and "was unable to obtain and secure his paperwork to file his Level III Grievance." (*See* Docket 44 at 3; Docket 87 at 2.)

Defendants have not proffered any documentary evidence in support of their assertion that the records indicate Plaintiff was "present/housed" at MOCC between June 3 (the date he allegedly received the level II grievance) and June 10, 2005 (within five business days). Rather, the only evidence is the affidavit of Kathy Dillon, which cites the memorandum response from Beverly Gandee, and is contradicted by Plaintiff's recitation of the facts in his affidavit. Plaintiff states that on the date he allegedly received the level II response, June 3, 2005, he was admitted to the infirmary at MOCC and then transferred to Montgomery General Hospital two days later. Thereafter, Plaintiff swears that on June 6, 2005, he was transferred back to the infirmary at MOCC and then moved to CAMC on June 15, 2005 for the amputation of his lower left leg. He remained at CAMC until June 23, 2005, until he was placed back in the infirmary at MOCC where he stayed for "almost three weeks before being discharged and returned to his Housing Unit." (Docket 44 at

7

3.) During this time, Plaintiff states he was separated from his "personal property, legal papers and documents which were being stored in the [MOCC] State Shop and did not have access to them." (*Id.*)

In order to prevail on their affirmative defense of failure to exhaust administrative remedies, Defendants must show that Plaintiff failed to exhaust all the administrative remedies that were "available" to him. *See* 42 U.S.C. § 1997e(a); *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003) (defining available as "immediately utilizable, 'and that is accessible or may be obtained: *personally obtainable*'"). The court in *Days* held that "administrative remedies are deemed unavailable when (1) an inmate's untimely filing of a grievance is because of a physical injury and (2) the grievance system rejects the inmate's subsequent attempt to exhaust his remedies based on the untimely filing of the grievance." 322 F.3d at 868.

Defendants have failed to meet their burden. They merely refer to the memorandum response from Beverly Gandee, which states that he was housed at MOCC during the time in question. (*See* Docket 83 at 1; Docket 41-3 at 19.) Based on the evidence, Plaintiff's affidavit to the contrary creates a genuine issue of material fact as to whether he exhausted all the administrative remedies "available" to him. At this stage, without conclusive evidence of the circumstances behind Plaintiff's hospitalization and whether his grievance materials were "immediately utilizable, accessible, or obtainable", an issue of fact exists over whether he exhausted all those remedies available to him. *See Days*, 522 F.3d at 868. Defendants cite no case that holds a prisoner's failure to file a grievance appeal while in a medical facility and separated from his grievance papers establishes that he failed to exhaust all available administrative remedies. Moreover, it would be unjust to dismiss Plaintiff's cause of action in its entirety for failure to exhaust his remedies if

Plaintiff was physically unable to exhaust those remedies and did not have access to his grievance materials, especially when it was the very injury he complains of, and medical treatment for it, that appears to have delayed him in filing his grievance appeal. Thus, because Plaintiff has offered more than a mere "scintilla of evidence" in support of his position that he exhausted all of the administrative remedies available to him, *Anderson*, 477 U.S. at 252, summary judgment is inappropriate and Defendants' objections are **OVERRULED**.

>   *C.*     *Dismissal of Plaintiff's 42 U.S.C. § 1983 Claims Against CMS and Miles*

The magistrate judge recommended that this Court find that Plaintiff's amended complaint fails to state a claim against defendant Miles and CMS for violation of Plaintiff's eighth amendment rights because Plaintiff has failed to allege any conduct on the part of these defendants that would result in liability under 42 U.S.C. § 1983. (Docket 77 at 18.) Although Plaintiff objects to the dismissal of his 42 U.S.C. § 1983 claims against CMS and defendant Miles, he fails to direct the Court to a specific error in the magistrate judge's recommendation. Rather, he simply reiterates his argument that CMS and defendant Miles are vicariously liable for the other defendants' behavior by asserting that they "are liable for the conduct of those who work for and represent them and they too should be held accountable, especially when it comes to a serious matter such as this and the negligence, malpractice and deliberate indifference that was involved." (Docket 84 at 3.) Accordingly, because Plaintiff has failed to point to an error in the magistrate judge's recommendation, *Orpiano*, 687 F.2d at 47, for the reasons stated in the PF&R, Plaintiff's objection to the dismissal of his 42 U.S.C. § 1983 claims against CMS and defendant Miles is **OVERRULED**.

The Court notes, however, that even though Plaintiff cannot maintain a § 1983 claim against CMS and defendant Miles, in construing the amended complaint liberally, as is required, Plaintiff's

amended complaint alleges separate causes of action for negligence and medical malpractice against CMS, defendant Miles, and the other remaining defendants. Because those issues have not been addressed by the parties in their briefs or objections, the Court will refrain from ruling on the merits of those claims.[5]

## IV. CONCLUSION

For the reasons stated above, the Court: (1) **DENIES** Plaintiff's motions to dismiss the motions filed by Defendants [Docket 21, Docket 42, Docket 48, Docket 59, and Docket 67];[6] (2) **GRANTS** the Motion to Dismiss the State of West Virginia and the West Virginia Division of Corrections [Docket 11] and hereby **ORDERS** that those parties be **DISMISSED** from this case; (3) **DENIES** the Motion for Summary Judgment of Mary Westfall, Louis Almose, and Doreen Planck [Docket 32]; (4) **GRANTS** the Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Claims of Correctional Medical Services, Inc. and Richard Miles [Docket 39];(5) **DENIES** the Motion for Summary Judgment of Donald Holmes [Docket 55]; and (6) **DENIES** the Motion for Summary Judgment of Steve Myers [Docket 65]. The Clerk is **DIRECTED** to mail copies of this Memorandum Opinion and Order to all counsel of record, Plaintiff, *pro se*, and Magistrate Judge Stanley.

ENTER:      August 29, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiff has filed a Motion for Appointment of Counsel [Docket 93], which is currently under advisement.

[6] In the future, Plaintiff should entitle his memorandum of law addressing a defense motion as a "Response", rather than a motion to dismiss the defendant's motion.