IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **LUTHER C. BASHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:06-0604 |
| | ) | |
| **CORRECTIONAL MEDICAL** | ) | |
| **SERVICES, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause filed on June 9, 2008. (Document No. 129.) Essentially, Plaintiff complains that Defendants interfered with his use of the computers to accomplish his legal work and therefore his access to the Courts. Plaintiff filed the same Motion in Basham v. Correctional Medical Services, Inc., *et al.*, Civil Action 5:04-1335, on June 5, 2008, and it was designated Document No. 69 in that case. In that case the undersigned found "that Plaintiff's allegations as set forth in his Motion for a Temporary Restraining Order and Order to Show Cause are clearly beyond the scope of the issues presented in this matter and therefore should be considered in a separate proceeding." On June 9, 2008, the undersigned ordered the Clerk of the Court to designate and file a copy of Plaintiff's Motion for a Temporary Restraining Order and Order to Show Cause as the first document in a new civil action in the Beckley Division (Document No. 70 in Civil Action No. 5:04-1335.), and the Clerk established Plaintiff's Motion as Document No. 1 in Basham v. Ballard, Civil Action No. 5:08-0822. On June 11, 2008, the undersigned filed an Order deducing from the short time period between the alleged incident and Plaintiff's filing of his Complaint that Plaintiff likely had not exhausted

administrative remedies before filing his Motion for Temporary Restraining Order and finding that notwithstanding the alleged interference, Plaintiff nevertheless continued to file documents in proceedings pending in this Court. The undersigned required Plaintiff to state whether he had exhausted administrative remedies and explain how his right to access to the Courts was hindered. (Id., Document No. 3.) Plaintiff filed a Response to the undersigned's Order on June 17, 2008. (Id., Document No. 5.) Among other things, Plaintiff indicated that he was in the process of exhausting administrative remedies. The undersigned held a settlement conference in Civil Action No. 5:04-1335 on August 13, 2008, and an agreement to settle that matter was reached. On December 11, 2008, Plaintiff filed a Voluntary Dismissal of his Motion as Document No. 9 in Civil Action No. 5:08-0822, the same Motion which is the subject of this Proposed Findings and Recommendation.

First the undersigned finds that Plaintiff's Voluntary Dismissal as filed in Civil Action No. 5:08-0822 should be deemed to apply to the Motion for temporary Restraining Order under consideration and Plaintiff's Motion should be denied. Second, it is clear that Plaintiff was in the process of exhausting administrative remedies when he filed the Motion, and the Motion should be denied because Plaintiff did not exhaust administrative remedies before filing it. It appears to be the majority view that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. *See* Neal v. Goord, 267 F.3d 116, 121-122 (2nd Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, . . . if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources

2

adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause filed on June 9, 2008. (Document No. 129.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 26, 2009.

R. Clarke VanDervort
United States Magistrate Judge

4